IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **FERNANDO LAGUNAS,** on Behalf of Himself and on Behalf of Others Similarly Situated**,** § § § | | |
| § | | |
| Plaintiff, § | | CA No. CA No. _____ |
| v. § | | |
| § | | JURY DEMANDED |
| **LA RANCHERA, INC.** § | | |
| Defendant. § | | |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

### 1.   SUMMARY

1.1.   Defendant, LA RANCHERA, INC. ("Defendant"), failed to pay Plaintiff, FERNANDO LAGUNAS, ("Plaintiff") and its other route drivers – sales representatives overtime wages when they work/worked more than forty (40) hours in a workweek as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq*.  Defendant also makes improper deductions from Plaintiffs' wages in violation of the FLSA.

1.2   Plaintiff, Fernando Lagunas, and the similarly situated individuals he seeks to represent, are current and former employees and/or independent contractors of Defendant who work/worked as route drivers – sales representatives within the last three years (hereinafter referred to as "Class Members").

1.3   Defendant's pay practices and policies applied not only to Plaintiff, but also to all Class Members.  Therefore, Plaintiff brings this suit on behalf of himself and other similarly situated route drivers – sales representatives.

### 2.   JURISDICTION

2.1.   This Court has federal question jurisdiction of this action under 28 U.S.C. §1331 as this

case is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b).

## 3. VENUE

3.1. Venue of this action is proper in this court, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## 4. PARTIES

4.1. Plaintiff, Fernando Lagunas, lives in the Southern District of Texas. Plaintiff is a former employee of Defendant and worked as a route driver – sales representative. His written consent to join this lawsuit is attached hereto as Exhibit 1.

4.2. The class of similarly situated employees consists of all route drivers – sales representatives who work/worked for Defendant within the last three years (hereinafter referred to as the "Class Members").

4.3. Defendant La Ranchera, Inc. ("La Ranchera") is an employer qualified to do business in Texas. Defendant La Ranchera is liable as Plaintiff's "employer" under the FLSA to comply with the minimum and overtime wage provisions set forth herein. Defendant La Ranchera can be served by, serving its Registered Agent for Service of Process, Veronico Montes Trujillo, 1614 Clinton Drive, Galena Park, Texas 77547.

## 5. FLSA COVERAGE

5.1 At all times relevant to this dispute, Defendant is an enterprise within the meaning of the FLSA. 29 U.S.C. §203(r).

5.2 At all times relevant to this dispute, Defendant is an enterprise that engages in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. §203(s)(1).

5.3 At all times relevant to this dispute, Defendant had/has annual gross sales in excess of $500,000.00.

5.4 At all times relevant to this dispute, Plaintiff and the Class Members were employees engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §207.

## 6. BACKGROUND FACTS

6.1 Defendant La Ranchera is a producer and distributor of baked goods, more specifically, tortillas, chips, and masa.

6.2 Plaintiff worked as a route driver – sales representative for Defendant La Ranchera. He was employed between October 7, 2019, until his termination on November 5, 2021. During his employment Plaintiff was classified as an independent contractor by Defendant. He did not receive overtime compensation; however, he was expected to work over forty (40) hours per week (and did in fact work over forty (40) hours per week) during that time period.

6.3 Due to the high volume of work, Plaintiff was often required to work long hours (over 40 hours per work week). Defendant was aware that Plaintiff and the Class Members work/worked over forty hours per work week to meet Defendant's business needs. Plaintiff typically worked between 14 and 15 hours a day in a typical 6-day workweek.

6.4 Defendant dictated what hours Plaintiff worked, provided the tools for him to do his job, told him what work he was required to complete, and the specifications on how the work was to be completed. Plaintiff did use his own vehicle but had no independent control over what he was supposed to be doing on a workday. These duties and responsibilities were specifically set forth in a document entitled *La Ranchera, Inc. Distributor*

*Agreement,* wherein Defendant maintained full control of every one of Plaintiff's duties.

6.5   Defendant controlled all the conditions of Plaintiff's employment. Defendant determined Plaintiff's pay rate, the schedule Plaintiff worked, and the policies and procedures Plaintiff and the other Class Members are/were required to follow.

6.6   Defendant also required Plaintiff and the Class Members to fill out a timesheet recording the hours they work on a daily basis.

6.7   As a route driver – sales representative, Plaintiff's primary duties include, completing product orders for La Ranchera customers, delivering them, taking inventory, and other duties associated with the delivery of baked goods.

6.8   Plaintiff and the Class Members do/did not have the authority to make unilateral decisions regarding the work assigned by Defendant. Plaintiff and the Class Members cannot arbitrarily make changes to anything without Defendant's approval.

6.9   Plaintiff and Class Members do/did not have authority to hire or fire any of Defendant's employees and do not have authority to set pay.

6.10  As route drivers – sales representatives, Plaintiff and Class Members regularly work/worked more than forty (40) hours per workweek. Neither Plaintiff nor any of the other Class Members had authority to (nor did they): manage an enterprise, hire or fire other employees, set the pay rates of other employees, create policies or procedures to govern Defendant's employees, handle employee grievances, determine the type of equipment or materials that Defendant could use in its operations, enter into contracts on behalf of Defendant or otherwise have operational control over Defendant's business operations and practices. Moreover, Plaintiff and the Class Members did not perform office or non-manual work directly related to the management or general business

operations of Defendant or its customers, nor did they exercise discretion and independent judgment with respect to matters of significance in the conduct of Defendant's business.

6.11   Plaintiff and the Class Members are subject to a single policy and pay plan that they are paid the same amount no matter how many hours they work based on a piece rate system designated by Defendant.

6.12   Plaintiff and the Class Members were at all times "non-exempt" employees and eligible to receive overtime pay pursuant to Section 207 of the FLSA.

6.13   Defendant improperly classified Plaintiff and the Class Members as independent contractors from November 2019 and that practice continues. Defendant failed to pay Plaintiff overtime wages in accordance with the FLSA.

6.14   Plaintiff and the Class Members worked/work over forty hours per work week and Defendant fails/failed to pay Plaintiff and the Class Members any overtime compensation.

6.15   During Plaintiff's employment, there were approximately 35 route drivers – sales representatives working for Defendant at any given time in the Houston, Texas area who were/are subject to the same pay policy/plan described herein, work/worked overtime hours, and were/are not compensated in accordance with the FLSA by Defendant.

## 7.   COLLECTIVE ACTION ALLEGATIONS

7.1   Plaintiff brings this suit as a collective action pursuant to 29 U.S.C. §216(b) on behalf of himself and all other persons employed by Defendant as route drivers – sales representatives within three (3) years from the filing of this suit who, like Plaintiff, (1) have not been compensated for all hours worked (2) have not been compensated at one

5

and a half times their regular rate of pay for all hours worked in excess of forty (40) in a single work week and/or (3) have been subjected to improper deductions from their earned wages in violation of the FLSA.

7.2  Defendant classified/classifies and paid/pays all of its route drivers – sales representatives in the manner described above. Defendant maintained a common pay practice or policy and the Class Members are similarly situated to Plaintiff.

7.3  Defendant's route drivers – sales representatives all performed the same/similar essential job functions and duties of completing work orders for La Ranchera. Therefore, the Class Members are similarly situated to Plaintiff.

7.4  The damages for each individual can easily be calculated using the same methodology and formula although the exact amount of the damages may vary.

7.5  Defendant possesses the names and addresses of Class Members in its records. The Class Members should be allowed to receive notice about this lawsuit and given an opportunity to join. Like Plaintiff, these similarly situated workers are entitled to recover their unpaid wages, overtime wages, liquidated damages, attorneys' fees, and other damages. Therefore, notice is appropriately sent to the following class:

> **All route drivers – sales representatives that worked for Defendant at any time from [three years before date of mailing of Notice and Consent] up to [the date of mailing of Notice and Consent].**

## 8. CAUSES OF ACTION

8.1  Plaintiff incorporates the allegation in the preceding paragraphs.

8.2  Defendant misclassified Plaintiff and the Class Members as independent contractors (for a portion of the relevant time period), failed to pay them wages for all hours worked, subjected them to improper wage deductions and/or failed to pay them overtime wages

required by the FLSA for all hours worked over forty (40) hours per work week.

8.3  Defendant's failure to pay overtime wages and/or wages earned to Plaintiff and the Class Members in accordance with the FLSA was willful as that term is defined by Section 255(a) and was not based on a good faith belief that its conduct complied with the FLSA. Therefore, the three (3) year statute of limitations period applies to Plaintiff's and the Class Members' damages in this case.

8.4  Plaintiff and the Class Members are entitled to wages for all hours worked, overtime wages for all hours worked in excess of forty (40) in a workweek, an amount equal to all of their unpaid wages as liquidated damages, as well as their reasonable and necessary attorneys' fees and costs of this action. 29 U.S.C. §216(b).

## 9.  JURY DEMAND

9.1  Plaintiff hereby demands a trial by jury.

## 10.  PRAYER

10.1  Plaintiff respectfully requests that judgment be entered against Defendant, awarding him and all similarly situated employees:

10.1.1  Unpaid wages for all hours worked during the period specified herein.

10.1.2  Overtime compensation for all hours worked in excess of forty (40) per work week at the rate of one and a half times his regular rate of pay;

10.1.3  An equal amount of liquidated damages;

10.1.4  Order Defendant to pay reasonable costs and attorney's fees in this action; and,

10.1.5  Order and grant such other relief as is proper and just.

Respectfully Submitted,

*/s/ Gregg M. Rosenberg*
Gregg M. Rosenberg
USDC SD/TX No. 7325
Texas State Bar ID 17268750
gregg@rosenberglaw.com
ROSENBERG & ASSOCIATES
3518 Travis Street, Suite 200
Houston, Texas 77002
(713) 960-8300
(713) 621-6670 (Facsimile)

Attorney-in-Charge for Plaintiff