# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| **FERNANDO LAGUNAS**, on behalf of himself and on behalf of others similarly situated, § § § § | **Case No.**: 4:22-cv-00017 |
| Plaintiff, § | |
| v. § § | |
| **LA RANCHERA, INC.**, § § | |
| Defendant. § | JURY DEMANDED |

## PLAINTIFF/COUNTER-DEFENDANT'S ANSWER TO DEFENDANT/COUNTER-PLAINTIFF'S COUNTERCLAIM

Plaintiff/Counter-Defendant FERNANDO LAGUNAS (hereinafter "Plaintiff" or "LAGUNAS") hereby files this Answer to the Counterclaim that was filed against him by Defendant/Counter-Plaintiff LA RANCHERA (hereinafter "Defendant" or "LA RANCHERA") against him.

### I.    ANSWER TO COUNTERCLAIM[1]

#### A.    PARTIES; JURISDICTION; VENUE

1. LAGUNAS admits the allegations in this paragraph.

2. LAGUNAS admits the allegations in this paragraph.

3. LAGUNAS admits the allegations in this paragraph.

#### B.    FACTUAL BACKGROUND

LAGUNAS denies the allegations in this unnumbered paragraph.

1. LAGUNAS admits the allegations in this paragraph.

---

[1] For the Court's convenience, LAGUNAS is utilizing the same headings and paragraph numbers that LA RANCHERA used in its Counterclaim.

1

2. LAGUNAS admits the distributor agreement stipulated that he would provide product transportation services and marketing services to LA RANCHERA. However, LAGUNAS denies that he marketed or delivered LA RANCHERA's products to customers that he developed on his own, as LA RANCHERA provided LAGUNAS with its customer lists, which contained the names of the customers that he actually serviced.

3. LAGUNAS admits that in order to be compensated for all eligible sales, he agreed to provide his own transportation. However, LAGUNAS denies that he provided any of his own staff to carry out any of the activities identified in the distributor agreement.

4. LAGUNAS denies the allegations in this paragraph.

5. LAGUNAS admits that LA RANCHERA agreed to make available to him its customer lists and contact information. However, LAGUNAS denies LA RANCHERA agreed to make available to him what is identified in the distributor agreement as La Ranchera's "Protected Information," including (but not limited to) pricing strategies, delivery payments, or other business strategies. LAGUNAS further denies that he agreed to keep all such information confidential and to not use the Protected Information for any purpose other than performance of his obligations under the Agreement indefinitely.

6. LAGUNAS denies the allegations in this paragraph.

7. LAGUNAS denies the allegations in this paragraph.

8. LAGUNAS admits that LA RANCHERA provided him with a written notice terminating his employment. However, LAGUNAS denies the remaining allegations in this paragraph.

9. LAGUNAS denies the allegations in this paragraph.

10. LAGUNAS denies the allegations in this paragraph.

11. LAGUNAS denies the allegations in this paragraph.

12. LAGUANS denies the allegations in this paragraph.

### C.   CLAIMS AGAINST MR. LAGUNAS

LAGUNAS denies the allegations in this unnumbered paragraph.

#### 1.   Breach of Contract (Nondisclosure of Confidential Information)

1. LAGUNAS denies the allegations in this paragraph.

2. LAGUNAS denies the allegations in this paragraph.

3. LAGUNAS denies the allegations in this paragraph.

4. LAGUNAS denies the allegations in this paragraph.

#### 2. Breach of Contract (Non-Solicitation of Customers)

1. LAGUNAS denies the allegations in this paragraph.

2. LAGUNAS denies the allegations in this paragraph.

3. LAGUNAS denies the allegations in this paragraph.

#### 3. Breach of Contract (Prohibition on Competing Activities)

1. LAGUNAS denies the allegations in this paragraph.

2. LAGUNAS denies the allegations in this paragraph.

3. LAGUNAS denies the allegations in this paragraph.

4. LAGUNAS denies the allegations in this paragraph.

#### 4. Texas Uniform Trade Secrets Act

LAGUNAS denies the allegations in this unnumbered paragraph.

1. No response is required for this paragraph (because no allegations are made against LAGUNAS).

2. LAGUNAS denies the allegations in this paragraph.

3. No response is required for this paragraph (because no allegations are made against LAGUNAS).

4. No response is required for this paragraph (because no allegations are made against LAGUNAS).

5. LAGUNAS admits that while he was employed by LA RANCHERA, he was given access to its customer lists. However, LAGUNAS denies he had access to LA RANCHERA's product pricing and marketing strategies. LAGUNAS further denies the remainder of the allegations in this paragraph.

6. LAGUNAS denies the allegations in this paragraph.

7. LAGUNAS denies the allegations in this paragraph.

8. LAGUNAS denies the allegations in this paragraph.

9. LAGUNAS denies the allegations in this paragraph.

10. LAGUNAS denies the allegations in this paragraph.

### 5. Tortious Interference with Contracts and Business Relationships

LAGUNAS denies the allegations in this unnumbered paragraph.

1. LAGUNAS denies the allegations in this paragraph.

2. LAGUNAS denies the allegations in this paragraph.

### D. RELIEF SOUGHT

#### 1. Application for Preliminary and Permanent Injunctions

1. LAGUNAS denies the allegations in this paragraph.

2. LAGUNAS denies the allegations in this paragraph.

3. LAGUNAS denies the allegations in this paragraph.

4. LAGUNAS denies the allegations in this paragraph.

5.   LAGUNAS denies the allegations in this paragraph.

6.   LAGUNAS denies the allegations in this paragraph.

7.   LAGUNAS denies the allegations in this paragraph.

## 2. Recovery of Damages

LAGUNAS denies the allegations in this unnumbered paragraph.

1.   LAGUNAS denies the allegations in this paragraph.

2.   LAGUNAS denies the allegations in this paragraph.

## CONCLUSION

LAGUNAS denies the allegations in this unnumbered paragraph. Based on the foregoing, LAGUNAS further denies that LA RANCHERA is entitled to any of the relief it is seeking.

**II.   PLAINTIFF/COUNTER-DEFENDANT'S AFFIRMATIVE DEFENSES**

Without admitting any allegations asserted in LA RANCHERA's Counterclaim, LAGUNAS asserts the below affirmative defenses and other defenses to prove that he is not liable to LA RANCHERA for the claims it asserted against him. Nothing stated in any of the below defenses constitutes a concession that LAGUNAS bears any burden of proof on any issue on which he would not otherwise bear such a burden. LAGUNAS further reserves the right to amend this pleading to include any additional defenses.

1.   LA RANCHERA's claims are barred, in whole or in part, because of estoppel.

2.   LA RANCHERA's claims are barred, in whole or in part, by waiver.

3.   LA RANCHERA's claims are barred, in whole or in part, because there was no valid contract at issue.

4.   LA RANCHERA's claims are barred, in whole or in part, because there was a lack of consideration regarding any alleged contract.

5. LA RANCHERA's claims are barred, in whole or in part, because it failed to perform and/or tender performance.

6. LA RANCHERA's claims are barred, in whole or in part, because LAGUNAS did not breach or interfere with any valid contract.

7. LA RANCHERA's claims are barred, in whole or in part, because there was no willful or intentional acts of interference on LAGUNAS' behalf.

8. LA RANCHERA's claims are barred, in whole or in part, because of justification.

9. LA RANCHERA's claims are barred, in whole or in part, because any alleged non-compete and/or non-solicitation was not reasonable in time, geographic scope, and/or activities to be restrained.

10. LA RANCHERA's claims are barred, in whole or in part, because any alleged non-disclosure was not reasonable and/or necessary.

11. LA RANCHERA's claims are barred, in whole or in part, because of independent development and discovery of any alleged trade secrets by proper means.

12. LA RANCHERA's claims are barred, in whole or in part, under the doctrine of business necessity.

13. LA RANCHERA's claims are barred, in whole or in part, under the doctrine of unclean hands.

14. LA RANCHERA's claims are barred, in whole or in part, by applicable statute of limitations.

15. LA RANCHERA's claims are barred, in whole or in part, because of an offset.

16. LA RANCHERA's claims are barred, in whole or in part, because LAGUNAS made a good faith effort to comply with the law.

17. LA RANCHERA's claims are barred, in whole or in part, because LAGUNAS exercised reasonable care to prevent and/or correct any alleged conduct.

18. LA RANCHERA's claims are barred, in whole or in part, under the de minimis doctrine and/or because the alleged damages (if any) associated with its alleged claims are too speculative to be permitted.

19. LA RANCHERA's claims are barred, in whole or in part, because it did not sustain any damages due to LAGUNAS' alleged behavior.

20. LA RANCHERA's claims are barred, in whole or in part, due to its failure to mitigate its alleged damages.

21. LA RANCHERA's claims are barred, in whole or in part, due to its contributory negligence.

22. Any award of exemplary, punitive, or additional damages to LA RANCHERA would violate the due process and excessive fines clauses of the United States Constitution.

23. In the alternative, if necessary, LAGUNAS states that his actions with respect to LA RANCHERA were taken in good faith with reasonable grounds to believe that such conduct comported with permissible interpretations of pertinent laws.

24. In addition to the foregoing defenses, LA RANCHERA's claims may be barred by one or more affirmative defenses that cannot be determined until LAGUNAS has had the opportunity to conduct discovery. Therefore, LAGUNAS reserves the right to amend this Answer in order to raise any and all other additional affirmative and other defenses that may become evident during discovery and/or during this litigation. LAGUNAS reserves the right to amend this Answer in accordance with the law and to seek attorneys' fees and costs under any applicable law and/or documents. LAGUNAS incorporates all such affirmative defenses as though fully set forth

herein.

### III. PLAINTIFF/COUNTER-DEFENDANT'S PRAYER

25. For the above-identified reasons, LAGUNAS asks this Court to do the following:

   a) Render judgment against LA RANCHERA and that it take nothing from its Counterclaim against LAGUNAS;

   b) Dismiss LA RANCHERA's Counterclaim against LAGUNAS with prejudice;

   c) Award LAGUNAS his attorneys' fees;

   d) Assess costs against LA RANCHERA;

   e) Assess interest against LA RANCHERA; and

   f) Award LAGUNAS all other relief that this Court deems appropriate.

Respectfully submitted,

*/s/ Gregg M. Rosenberg*
Gregg M. Rosenberg
USDC SD/TX No. 7325
Texas State Bar ID: 17268750
ROSENBERG & ASSOCIATES
3518 Travis Street, Suite 200
Houston, Texas 77002
Telephone No.: (713) 960-8300
Facsimile No.: (713) 621-6670
E-Mail: gregg@rosenberglaw.com
Attorney-In-Charge for Plaintiff

Davina Bloom
USDC SD/TX No.: 2851454
Texas State Bar ID: 24091586
davina@rosenberglaw.com
ROSENBERG & ASSOCIATES
3518 Travis Street, Suite 200
Houston, Texas 77002
Telephone No.: (713) 960-8300
Facsimile No.: (713) 621-6670
E-Mail: davina@rosenberglaw.com
Of Counsel for Plaintiff

## **CERTIFICATE OF SERVICE**

  I hereby certify that on February 23, 2022, the above-identified document was filed and e-served via the Court's CM/ECF filing system on the following counsel:

  Lionel M. Schooler
  JACKSON WALKER, LLP
  1401 McKinney Avenue, Suite 1900
  Houston, Texas 77010
  lschooler@jw.com

              */s/ Gregg M. Rosenberg*
              Gregg M. Rosenberg